Our next case is agenda number nine, case number 113475, People v. Esteban Martinez. Counsel for the appellant. Good morning, your honors, counsel. Darren Miller on behalf of the defendant appellant, Esteban Martinez. Your honors, this issue here is pretty simple, at least our position is, is that the appellate court had no authority or jurisdiction to consider an appeal of an acquittal order. Mr. Martinez was acquitted, and there is no dispute that generally the state has no authority to appeal from an acquittal order. The only exception to that rule was recognized in the 1980 Supreme Court case of Deans. And in that case, this court basically held that if the trial is a sham, which was defined by this court as an artifice employed by the trial court to achieve a dismissal with prejudice, in that case, then there was no true acquittal, and the state essentially can appeal the acquittal, because it's not really an acquittal, but it's really an appealable dismissal order. But when you look at what happened here, the trial absolutely was not a sham. And if I could briefly take you through the procedure of what happened. This case was about four years old by the time it finally went to trial on May 17, 2010. And the state appeared, and their two witnesses, two of their 12 witnesses, I should say, were not there. They were the victims, and apparently they were important witnesses. However, the state did not come in before trial and move for a continuance. Instead, they appeared and asked for a continuance, quote, just for a few moments to see if their witnesses had arrived. They hadn't. And at that point, the defendant also had not arrived. So the situation was that two of the state's important witnesses and the defendant weren't there. So essentially, the judge wanted to get the case moving and made a suggestion that he would, instead of picking panels of four and swearing each panel, that he would pick the entire jury, but before he swore the panel in, he would allow the state time to see if their witness was there. And if not, they could either move to dismiss the case, nally it before jeopardy attached, presumably, or proceed to trial. And so the state said, thank you, Your Honor. They didn't object. They agreed to this procedure. Defense counsel helped. Is the test whether there was a chance the defendant could be convicted? The test, I believe, is defined and deems as whether it's a sham trial or not. So I believe what you do is you look at whether the procedure that was employed was an artifice designed by the judge to acquit the defendant, and that is definitely not what happened here. In fact, when you look at what happened here, this went over defense counsel's objection. He objected and asked for a continuance, and again, the state did not join in with the continuance motion. So you had a situation here where the defendant, defense counsel actually asked for a continuance and the state did not. So the state and the defense participate in trial by picking the jury. They pick the jury, and then after the jury's picked, well, what happens? The defendant shows up, but the state's witnesses aren't here. So apparently it didn't look as favorable to the state to go to trial. Now the defendant's there. And for the first time, they ask for continuance. And this was properly denied by the trial judge. It was our position down below was a mid-trial continuance. It was within his discretion to deny that, and he did. Prior to the jury being sworn, the state made clear that they weren't going to participate, right? Yes, prior to the jury being sworn. And so that was made clear prior to them being sworn, and then I guess that begs the question that Justice Garmon asked, you know, does it matter that in light of that, the defendant was never at risk of conviction, or is that of no consequence? Well, I would disagree with that assessment. He was at risk. He was at risk. The trial begins when the jury selection commenced. The state participated in the trial. They very easily could have elected to have gone forward. In fact, even after they declared that they weren't going to call witnesses, nothing prevented them from doing so. They could have easily changed their mind and said, well, hey, our witnesses are just here, and they could have began calling their witnesses. At risk is defined by when the defendant is placed in jeopardy, and he's placed in jeopardy when the jury is sworn. So essentially what you have here is the state participates. So the fact that prior to the jury being sworn, the state says we're not going to proceed is of no consequence? No, because they'd already participated in trial, and it's not a sham. The one exception that was recognized in Deems, basically what happened here is the jury was sworn and jeopardy attached. There is no exception to that rule other than what was recognized in Deems. And in Deems, the exception was whether it's a sham trial. And here it was not a sham trial. In fact, the procedure was implemented over the defense objection, at least of the attorney, because the defendant wasn't there. Was the defendant there for jury selection? I'm not sure that the record really shows one way or the other. He came sometime in between when they picked the jury and when it was called. He probably was, because I think it was a relatively short period. I think that it was around 830ish when the state asked for brief continuance, and I think the jury was picked by like 1030. And the defendant also asked for continuance because the defendant was not there, is that correct? Well, defense counsel didn't also ask for continuance. He was the only one who asked for continuance, yes, because his client was not there and he didn't want to pick the jury without his client being there. Counsel, did the state, did the prosecutor announce before the jury was sworn that they were not going to participate? Is that a fact or not? Before the jury was sworn, yes. I'm sorry, yes. And were there any other options that the judge offered? Yes, the judge offered to kick the case to 130 to allow them to continue looking for their witnesses. He also suggested, I believe, that the state could have called their witnesses out of order, which would have continued to the next day because they had, I believe, 10 witnesses there and ready to go. And I'd also want to point out that even when they moved for their continuance, there was no, there was nothing in the motion saying when they were going to continue it to. So the judge, you know, and this could go on forever. And I think what you have to look here to is this really, if you file the decision of the appellate court and you affirm, it really ties the hands of trial judges. A state could come in, pick a jury, and say, gee, we don't like this jury. Your honors, we've decided, we've declared we're not participating in your trial. And then so jeopardy wouldn't attach even if the court continued to call. It essentially gives a state the authority to overrule a judge's denial of a motion to continue. And I don't think that that's good public policy. And when you look at all the other cases that have followed Deems, they were all sham trials. They were all cases where the state either did not participate. I think all but one of the 11 cases in Verstappen, they didn't participate. And in Verstappen, they actually, the state actually moved to now the charges and the court denied it. So every single one of those cases, the judge had the subjective intent to get the decision. The defendant acquitted. And here, there was no subjective intent by the child judge to acquit the defendant. In fact, he was trying to be accommodating to the state and began to pick the jury over to the objection of defense counsel and denied defense counsel's motion for continuance. Is that a critical factor in your analysis? That it was over the defense objection to proceed with jury selection? Well, I think it's critical because I think when you're looking at whether or not a trial is a sham, you have to look at the intent of the trial judge. And is the trial judge just basically making a mockery of the judicial system and forcing the state to go to trial, knowing that the defendant's going to be acquitted? So I think, yeah, I think it plays into that. I'd also like to point out the defendant does have a right to be tried before the jury that he selects. And this procedure interferes with that. And when you look at the appellate court's discussion of jeopardy, they discussed jeopardy saying that the defendant was not at risk. Well, our position is the defendant's at risk once the jury's sworn, unless the deems exception applies. What the appellate court did was said jeopardy does not attach unless inculpatory evidence is presented. Now, I did a research and ran those terms. And there is one case in the country that uses that standard of inculpatory evidence, and that is this case. This is the only case that has said that jeopardy attaches only once inculpatory evidence is presented. It's simply stated jeopardy attaches once the jury's sworn. The jury was sworn unless the trial is a sham, and the trial was not a sham. If there are no other questions, Your Honor, we'd ask that this Court dismiss the appeal. Thank you. Thank you. Counsel for the appellee. Good morning, Your Honors, Counsel, and may it please the Court. I'm Assistant Attorney General Carl Treble representing the people of Illinois. There was no adversarial trial in this case. Defendant was not at risk of a conviction in this case. Therefore, there was no acquittal within the true meaning of the word under the Illinois Constitution. That's clear under this Court's opinion in Deems and under the appellate court's opinion in Edwards, Harris, and other cases. To go to a couple of points here that were mentioned in the oral argument, first of all, counsel said that the trial court properly denied the people's motion for continuance. That's the first time that we've heard that argument made before this Court. Of course, it was made and rejected in the appellate court, and I thought that that issue had been conceded. It was not briefed and, therefore, is forfeited. The appellate court properly decided that the trial court should have granted the state's continuance. The state has a statutory right to a continuance under Section 114-4 of the Criminal Code. In order to deny that continuance, the trial court would have to conduct a hearing, find that the people had not proceeded in a reasonable manner in trying to obtain their witnesses or whatever it was they were using to justify a continuance, and even then grant the trial. And, again, that was not an issue that was raised before this Court and has been forfeited. Therefore, this Court should assume for the purposes of its opinion that the trial court should have granted that continuance. Given that the trial court should have granted the continuance and did not, the people were rather hamstrung. It was first thing in the morning in a busy trial court setting, and the witnesses were not present. So the prosecutor did ask, and this is pretty clear on one of the first sentences of the trial court record in this case, the prosecutor did ask for a continuance, and the trial court denied it. And then the defendant asked for a continuance, and the trial court denied that as well because the defendant was not present. After those requests were denied, the trial court stated what procedure it was going to employ, and the prosecutor said thank you, Your Honor. But thank you, Your Honor, was not an agreement to some sort of procedure designed to limit the defendant's rights. It was merely an ascension to the authoritative statement of the trial judge in this case. Both parties have agreed, and I think it's pretty clear now, that jeopardy attaches at the time that the jury is sworn. Not at the time the voir dire begins, not at the time a preliminary hearing or an indictment or information is started. Those are all pretrial proceedings that take place, but jeopardy attaches when the jury is sworn. Prior to the jury being sworn in this case, the prosecutor told the trial court that it was not participating in these proceedings. Because its material witnesses were not present. Therefore, there was no adversarial process in this case. There was no trial, and that is the definition of when jeopardy attaches, according to this court's opinion in Deems. According to Deems, there is no true acquittal if there was no adversarial process. How do you answer the argument that opposing counsel made that under the appellate court's reasoning here, the state could participate in jury selection if they didn't like the looks of the jury, then say we're not going to participate and prevail? Your Honor, our answer to that is that there's no indication in this record that that was the intent of this prosecutor. And if a court ever faces those types of circumstances, both the trial court and appellate courts would be fully justified in taking harsh actions against such an unethical prosecutor. But that sort of super peremptory right, the ability to get rid of a whole entire jury panel, is not a concern in this case. Where the prosecutor up front said in the first few sentences of the proceedings that morning, Your Honor, our witnesses are not present, we need a continuance. So there's no indication that the prosecutor was trying to game the system in this case. She was doing everything she could to help the trial court get to the point where it could try that case. These witnesses had showed up in the past. They were known to the court system, unfortunately for them, I guess. And they had been in court within the preceding past week or two in another case. So the prosecutor knew that there was a decent possibility they were going to show up that morning, and therefore assented to the trial court's suggested procedure. But with the caveat that she was not going to participate in the proceedings past the point of swearing in the jury, because she knew that jeopardy attached at that point. Ms. Trevill, what about the other, were there other witnesses that could have been called out of order, you know, as another option? There were other witnesses that were provided on the witness list. The record is not clear on what exactly their testimony might have been, but a prosecutor is ethically barred from proceeding in a case where she cannot present evidence of guilt beyond a reasonable doubt. If she had a concern that these two witnesses would not show up and would not meet, the remaining witnesses could not meet that evidentiary burden, and it would have been inappropriate for her to proceed with just calling a few witnesses in a prosecution where the two key witnesses, the victims of a battery case, were unavailable to testify. Did she make any kind of record as to due diligence about trying to bring them in? There's some information about attempts that were being made, but it's not very detailed, Your Honor, and that's our point. Our point is that if there was a concern about diligence, the trial court under Section 114-1, I believe it's E, should have called for a diligence hearing and put into the record what it was that the State had effectuated to obtain the testimony of these two witnesses, and even then, if the trial court determined that the State had not been diligent, the State was still statutorily entitled to a 14 to 30-day continuance in order to get these witnesses in or dismiss the case. I'm sorry. Could you run through the statute again? So the court has to request information from the State in terms of diligence. That's not the burden of the move-on on the motion for continuance? Correct, Your Honor. When you're asking for continuance, of course the State has to demonstrate why it's asking for continuance, and it has to be one of the approved reasons. Here the State said we're asking for continuance because our material witnesses are not present, which is a justifiable reason. In order to follow the proper procedures at that point, the trial court is burdened with the duty of having a diligence hearing. It has to either grant the motion for continuance or conduct a hearing on diligence. And then even if it finds that the State acted without diligence, it still must grant a 14 to 30-day continuance after that point. So am I misreading the statute 5114-4E that says all motions for continuance are addressed at the discretion of the trial court? That's correct, Your Honor. They are at the discretion of the trial court, but the statute continues to explain after that that in order to exercise its discretion, it has to conduct a diligence hearing. And then even then, a continuance is mandated. It's just that it's limited to 14 to 30 days. So the court has no control over the docket? It's not that it has no control over the docket. It's that it has to follow the proper procedures. And the only way the State could effectuate its rights under that statute in this case was to stop participating in the trial and then file a certificate of impairment and then proceed with an appeal. So everything else about what could have happened in this case, the prosecutor could have done this or that, the trial judge could have done this or that, is really a smoke screen for the underlying issue presented to this court in this appeal, which is whether or not there was jurisdiction for the appellate court to decide this case, which is based solely on whether or not the defendant was put at risk of a criminal conviction. And he was not put at a risk of a criminal conviction because there was only a defendant and a trial court judge participating in this trial after the people stopped participating, which took place prior to the jury being sworn. Unless there are any further questions, Your Honors, I'd ask that you affirm. One further question, counsel, and that is, your opposing counsel has talked about whether the focus is on whether the judge provided sham trial. Do you agree with that or disagree with that? We disagree with that, Your Honor. Again, Deems is clear that it's not the trial court's subjective intent that matters. It's whether or not the defendant was put at risk of a criminal conviction. If there was no risk of a criminal conviction because there was no prosecutor, then there is no true acquittal under the meaning of the term in the Constitution. So it's an objective test? It's an objective test of whether or not the defendant was at risk of a conviction. And objectively, where there's no prosecutor, there's no risk of a conviction because, of course, a judge cannot act as a prosecutor in Illinois. Earlier you were talking about, or questions about whether a prosecutor could simply decide he or she didn't like the makeup of the jury and therefore say I'm not participating. I take it from your argument that you are not suggesting that to avoid that situation, the prosecutor has to have a good reason for a continuance? Or does he or she not have to have a reason? Well, no, there are certainly cases where a prosecutor might ask for a continuance and it would be unjustified. There are statutory requirements for continuance. It's just that the facts in this case clearly met those requirements as the appellate court held and as the defendant did not argue before this court. The failure of two material witnesses to show up is a statutorily justified reason for a prosecutor to seek a continuance. Okay. I have another question. And maybe this is speculative. Once the jury was selected but before sworn and then the motion for continuance was made, could the trial court hold the jury and continue the case with that jury? The trial court could have granted a short continuance. It has discretion in the length of that continuance. And it is a short continuance. There's no need for this court to provide guidance on the amount of time that the court should have used in granting that continuance. The point is that a continuance should have been granted. But at a minimum, even if a trial court finds that the state is not exercising the proper due diligence in producing its evidence and is improperly asking for a continuance in a case where it's not exercising due diligence, it still gets a 14 to 30-day continuance to get its witnesses together and put on its case. I guess my question really was, in order to avoid improper conduct by the prosecutor, could the trial judge not hold that same jury for the 14 days and say we'll wait and square them in 14 days later? It could have, yes. It could have exercised that kind of authority. Obviously it would be inconvenient to the jurors, but it could have done that. Counsel, I may or may not have tracked your argument correctly, so I want to ask you this. Keying off when you said the prosecutor said thank you and that doesn't mean consent. Are you arguing that the trial judge did or did not offer any options? And that's a follow-up really to the question I asked Mr. Miller, and he said there were options to the trial judge. Well, the options I think he was referring to were where the trial court came back in and before swearing in the jury said, would you like me to grant your continuance until 1.30? But then he followed that up by saying, would it make any difference to, would your witnesses show up? I'm paraphrasing here. It's on about page 7 or 8 of the record. And the prosecutor noted that she did not know where these witnesses were. So she didn't know if a continuance to 1.30 in the afternoon would help or not, but that she certainly would like it, the continuance. But at that point the judge said, well, then this is just a waste of time. We're going to proceed. And at that point the prosecutor said, well, then, Your Honor, we're not going to participate in the trial. So, again, were there things the trial court could have done? Were there options available? Yes. Were there things that the prosecutor could have done differently, perhaps? But the narrow issue before this Court for the purposes of this decision is not all these side issues, but it's whether or not there was jurisdiction to hear the appeal regarding the continuance that has now been conceded. And since it's clear that there was no adversarial trial here, there was no danger of conviction, that there was no true acquittal and that people did have the right to appeal because the trial court's order had the effect of dismissing the charges in this case. Unless there are further questions, I'd ask that you affirm the judgment of the appellate court in this case, remand, in order that the trial court institute a new trial date. Thank you, Your Honor.  Yes. The State insists that the defendant was not at risk. But he was at risk once the jury was sworn. And the fact that the State basically held its breath and said, oh, we're not going to trial, that doesn't change anything. There's no law out there that allows the State to do that, or that says that a defendant is not at risk of being convicted, just because after a jury's been picked, the State makes some declaration that they've decided not to participate in trial after their motion to continue, which was not filed until after trial had begun, was denied. And getting back to, I believe counsel said they did everything they could and they asked for continuance. Well, yeah, I guess they asked for continuance before trial. They asked for continuance for a brief moment. They didn't ask for continuance to a different date. You know, they'd be in a different situation if that were the case. But they did not ask for a continuance. They did not join in the process. And I think that's an incorrect statement, or at least a misleading statement to say that the prosecution asked for continuance before the jury was selected. And I think the record will show that. And going back to the continuance right of the judge, I believe that counsel and the court, for that matter, misconstrued the two continuance provisions of the statute. If you look, Section 114-4E is for pretrial continuances. Section 114-4F is for midtrial continuances. And I believe the appellate court said, well, that E can apply to both, to pre- and midtrial continuances. But when you look at the language of E, that is, when the state has failed to use due diligence in bringing the case to trial, well, the case has already been brought to trial. It was brought to trial once they started trial by picking the jury. And if you look further, it talks about a requirement of a 14- to 30-day continuance, which, again, would make absolutely no sense after jury has been selected to require a minimum of a 14-day continuance. And I think that's an incorrect statement. And that makes zero sense. And when you look at Section 114-F, which our position is that's the provision that's applicable, it talks about after trial has begun, a reasonably brief continuance may be granted to either side in the interest of justice. Well, reasonably brief. The state didn't even know when their witnesses would be there, if ever. So, and in the interest of justice, the case was old. They'd already picked the jury. And the state didn't even know. And the judge was perfectly within his discretion to deny that motion. So, again, the issue here is whether or not this is a sham trial under Deems. It was not. Jeopardy did attach. And I'd ask that Your Honors dismiss the state's appeal. If there are no further questions. Thank you. Thank you, Mr. Miller and Mr. Trevill for your arguments this morning. Case number 113-475, People v. Esteban Martinez is taken under advisement. It's agenda number nine. Mr. Marshall, the Illinois Supreme Court stands adjourned until tomorrow morning, 9 a.m., September 13, 2012.